UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:11-cr-00149-TWP-MJD |
| DONALD MULLENDORE (01), ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION *IN LIMINE***

This matter is before the Court on the United States' Motion *in Limine* (Dkt. 69) to exclude evidence, testimony, or argument at trial related to Defendant Donald Mullendore's diminished capacity defense. For the reasons set forth below, the Motion *in Limine* is **GRANTED**.

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Here, the Court recently granted the Government's motion to dismiss original counts 1, 2, 3, 6, 8, and 10, of the Superseding Indictment, which were specific intent crimes. The crimes with which Mr. Mullendore is now charged are general intent crimes, and diminished capacity is not a defense to a general intent crime. *United States v. Reed*, 991 F.2d 399, 400 (7th Cir. 1993).

Mr. Mullendore does not contest this point, and concedes that his diminished capacity defense is inapplicable to the remaining charges. Dkt. 71 at 1–2.

Therefore, the Court finds that diminished capacity evidence, testimony, or argument is irrelevant, inadmissible, and improper as to the charges currently pending in this matter. The United States' Motion *in Limine* (Dkt. 69) is **GRANTED**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in *limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 10/01/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov