UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cr-00149-TWP-MJD |
| ) | |
| DONALD MULLENDORE (01), ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S 404(b) OBJECTION

This matter is before the Court on Defendant Donald Mullendore's ("Mr. Mullendore") Objection to the Government's 404(b) Notice (Dkt. 78). The Government has filed Notice (Dkt. 67) that it intends to offer evidence of controlled gun purchases on several dates, including January 26 and February 24, 2011. Mr. Mullendore contends that under Federal Rule of Evidence 404(b), evidence of controlled purchases on these specific dates should be excluded. For the reasons set forth below, Mr. Mullendore's objection (Dkt. 78) is **OVERRULED**.

### I. BACKGROUND

The Gun Control Act of 1968, as amended, requires that any dealer licensed to engage in the business of dealing in firearms shall perform certain record-keeping which includes recording the type, model, caliber or gauge, and serial number of each complete firearm manufactured or otherwise acquired, and the date such manufacture or other acquisition was made. Mr. Mullendore was licensed by the federal government to sell firearms and ammunition through his store, Mullendore Guns. Mr. Mullendore is charged with three counts of knowingly transferring firearms and ammunition to a convicted felon in violation of 18 U.S.C. §§ 922(d) and 924(a)(2),

and with one count of knowingly possessing and transferring a machine gun in violation of 18 U.S.C. § 922(o). The first charged act took place on March 11, 2011.

The Government alleges the following: On January 26, 2011, an undercover Indiana State Trooper visited Mullendore Guns as part of the investigation leading to the current charges. On that visit, the Trooper purchased a firearm without completing the required federal paperwork or undergoing a required criminal history check. On February 24, 2011, the Trooper returned to Mullendore Guns with a confidential informant ("CI") who was a convicted felon. The CI purchased a firearm and ammunition, and was not required to complete the required paperwork or criminal history check. The Trooper also ordered a shotgun from Mr. Mullendore without completing the required paperwork or criminal history check. After completing the transactions, the CI engaged Mr. Mullendore in conversation about converting a rifle to an automatic machine gun. Mr. Mullendore told the CI during this conversation in part "that he did not believe in completing the paperwork" required by the federal government "because all you are doing is telling the government where you got your guns." Dkt. 67 at 7.

Although the transactions from January 26 and February 24, 2011 are not charged in the Superseding Indictment, the Government wishes to introduce the transactions as evidence at trial to show motive, intent, opportunity, plan, knowledge, identity, and absence of mistake or accident. Mr. Mullendore objects, contending the evidence is inadmissible under Federal Rule of Evidence 404(b).

## II.  LEGAL STANDARD

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b)(2) allows such evidence when it is used for another purpose, such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

### III. DISCUSSION

Using the analysis set forth by the Seventh Circuit, the Court finds that the proposed evidence is admissible under Rule 404(b). First, the evidence is directed toward establishing a matter in issue other than Mr. Mullendore's propensity to commit the crime charged. Specifically, the evidence from January 26 and February 24, 2011 is offered to show intent in that Mr. Mullendore told the CI that he did not believe in completing the required federal paperwork, which helps establish knowledge that the failure to do so was a violation of the law. It further establishes that the failure to require the paperwork and criminal history check was intentional and not a mistake.

Second, the uncharged acts are within two and six weeks of the charged acts. The uncharged acts are also quite similar to the charged acts and are therefore relevant. Third, the evidence put forth by the Government is sufficient to support a jury verdict that Mr. Mullendore committed the acts charged. Fourth, the Court finds the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Mr. Mullendore argues that even if the uncharged purchases are relevant under 404(b), "their prejudicial value exceeds any probative value." The Seventh Circuit noted in *Howard* that

3

"all relevant evidence is prejudicial and that evidence must be *unfairly* prejudicial in order for it to be inadmissible under this prong." 692 F.3d at 707 (emphasis in original). "Evidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds." *United States v. Chavis*, 429 F.3d 662, 668 (7th Cir. 2005). The Court finds that the evidence of acts from January 26 and February 24, 2011 is not cumulative nor will it cause a jury to decide the case on improper grounds. The evidence may demonstrate, but does not suggest, propensity for the charged acts. As the Seventh Circuit found in *Howard*, in this case "[t]he jury's conclusions [of guilt could] flow logically from the admissible purposes of the other-acts evidence, rather than from an abstract belief that [Mr. Mullendore] is a bad person who commits crimes and thus must have committed [the charged crimes]." 692 F.3d at 707.

## IV. CONCLUSION

Accordingly, the Court finds that the evidence contained in the Government's Notice of 404(b) evidence (Dkt. 67) is admissible. Mr. Mullendore's Objection (Dkt. 78) is therefore **OVERRULED**.

**SO ORDERED.**

Date: 10/08/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov